IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ELDRIDGE H., | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | Civil Action No.   ADC-20-3509 |
| | * | |
| KILOLO KIJAKAZI, | * | |
| Acting Commissioner, | * | |
| Social Security Administration | * | |
| | * | |
| Defendant. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

## MEMORANDUM OPINION

On December 3, 2020, Eldridge H. ("Plaintiff" or "Claimant") petitioned this Court to review the Social Security Administration's ("SSA") final decision to deny his claim for Disability Insurance Benefits ("DIB") under Title II and Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("the Act"). ECF No. 1 ("the Complaint"). Plaintiff and Defendant filed cross-motions for summary judgment (ECF Nos. 18, 19) on September 2, 2021 and November 3, 2021, respectively.[1] After considering the parties' motions, the Court finds that no hearing is necessary. Loc.R. 105.6 (D.Md. 2021). For the reasons that follow, Plaintiff's Motion for Summary Judgment (ECF No. 18) is DENIED, Defendant's Motion for Summary Judgment (ECF No. 19) is DENIED, the SSA's decision is REVERSED, and the case is REMANDED to the SSA for further analysis in accordance with this Opinion.

---

[1] This case was assigned to United States Magistrate Judge A. David Copperthite for all proceedings on November 30, 2021, in accordance with 28 U.S.C. § 636 and Local Rules 301 and 302. ECF Nos. 3, 4.

## PROCEDURAL HISTORY

On January 29, 2018, Plaintiff filed both a Title II application for DIB and a Title XVI application for SSI, alleging disability since October 1, 2017. ECF No. 15 at 16. His claim was denied initially on June 7, 2018, and upon reconsideration on February 5, 2019. *Id.* Subsequently, Plaintiff requested a hearing, and on March 25, 2020, an Administrative Law Judge ("ALJ") presided over a hearing. *Id.* On April 13, 2020, the ALJ rendered a decision that Plaintiff was not disabled under the Act. *Id.* at 26–27. Plaintiff then requested a review of the ALJ's decision, which the Appeals Council denied on October 30, 2020. *Id.* at 1. Thus, the ALJ's decision became the final decision of the SSA. *See* 20 C.F.R. §§ 404.981, 416.1481; *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000). On December 3, 2020, Plaintiff then filed the Complaint in this Court seeking judicial review of the SSA's denial of his disability applications. ECF No. 1.

## STANDARD OF REVIEW

This Court may review the SSA's denial of benefits under 42 U.S.C. § 405(g). *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (citation omitted). The Court's review of an SSA decision is deferential: "[t]he findings of the [SSA] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). *See Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996) ("The duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court."). The issue before the reviewing Court is whether the ALJ's finding of nondisability is supported by substantial evidence and based upon current legal standards. *Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 267 (4th Cir. 2017). "Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion. It consists of more than a mere scintilla of evidence but may be less than a preponderance." *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015) (citations omitted). In a substantial evidence review, the Court does not

2

"reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [ALJ]. Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ]." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (citations omitted). Therefore, in conducting the "substantial evidence" inquiry, the Court must determine whether the ALJ has considered all relevant evidence and sufficiently explained the weight accorded to that evidence. *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997).

## DISABILITY DETERMINATIONS AND BURDEN OF PROOF

In order to be eligible for DIB or SSI, a claimant must establish that he is under disability within the meaning of the Act. The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. A claimant shall be determined to be under disability where "his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

In determining whether a claimant has a disability within the meaning of the Act, the ALJ, acting on behalf of the SSA, follows the five-step sequential evaluation process outlined in the Code of Federal Regulations. 20 C.F.R. §§ 404.1520, 416.920. *See Mascio v. Colvin*, 780 F.3d 632, 634–35 (4th Cir. 2015). "If at any step a finding of disability or nondisability can be made,

3

the SSA will not review the claim further." *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003). *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, the ALJ considers the claimant's work activity to determine if the claimant is engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If so, the claimant is not disabled. At step two, the ALJ considers whether the claimant has a "severe medically determinable physical or mental impairment [or combination of impairments]" that is either expected to result in death or to last for a continuous twelve months. 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1509, 416.920(a)(4)(ii), 416.909. If not, the claimant is not disabled. At step three, the ALJ considers whether the claimant's impairments, either individually or in combination, meet or medically equal one of the presumptively disabling impairments listed in the Code of Federal Regulations. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If so, the claimant is considered disabled, regardless of his age, education, and work experience. *See Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013).

Prior to advancing to step four of the sequential evaluation, the ALJ must assess the claimant's residual functional capacity ("RFC"), which is then used at the fourth and fifth steps of the analysis. 20 C.F.R. §§ 404.1520(e), 416.920(a)(4)(iv). Claimant's RFC "is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis." SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). The ALJ must consider even those impairments that are not "severe." 20 C.F.R. §§ 404.1545(a)(2), 416.945(a)(2).

In determining RFC, the ALJ evaluates the claimant's subjective symptoms (e.g., allegations of pain) using a two-part test. *Craig v. Chater*, 76 F.3d 585, 594 (4th Cir. 1996); 20 C.F.R. §§ 404.1529(a), 416.929(a). First, the ALJ must determine whether objective evidence

4

shows the existence of a medical impairment that could reasonably be expected to produce the actual alleged symptoms. 20 C.F.R. §§ 404.1529(b), 416.929(b). Once the claimant makes that threshold showing, the ALJ must then evaluate the extent to which the symptoms limit the claimant's capacity to work. 20 C.F.R. §§ 404.1529(c)(1), 416.929(c)(1). At this second step, the ALJ must consider all of the available evidence, including medical history, objective medical evidence, and statements by the claimant. 20 C.F.R. §§ 404.1529(c), 416.929(c). The ALJ must assess the credibility of the claimant's statements, as symptoms can sometimes manifest at a greater level of severity of impairment than is shown by solely objective medical evidence. *See generally* SSR 96-7p, 1996 WL 374186 (July 2, 1996). To assess credibility, the ALJ should consider factors such as the claimant's daily activities, treatments he has received for his symptoms, medications, and any other factors contributing to functional limitations. *Id.* at *3. However, the ALJ may not "disregard an individual's statements about the intensity, persistence, and limiting effects of symptoms solely because the objective medical evidence does not substantiate them." *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 95 (4th Cir. 2020) (quoting SSR 16-3p, 2016 WL 1119029, at *5 (Mar. 16, 2016) (citations omitted)). Requiring objective medical evidence to support the claimant's subjective evidence of pain "improperly increase[s] [his] burden of proof." *Lewis v. Berryhill*, 858 F.3d 858, 866 (4th Cir. 2017).

At step four, the ALJ considers whether the claimant has the ability to perform past relevant work based on the determined RFC. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If so, the claimant is not disabled. Where the claimant is unable to resume past relevant work, the ALJ proceeds to the fifth and final step of the sequential analysis. Claimant has the burden of proof during steps one through four of the evaluation. 20 C.F.R. §§ 404.1520, 416.920. *See Radford*, 734 F.3d at 291. However, at step five, the burden of proof shifts to the ALJ to prove: (1) that there is

other work that the claimant can do, given his age, education, work experience, and RFC, and (2)

that such alternative work exists in significant numbers in the national economy. 20 C.F.R. §§

404.1520(a)(4)(v), 416.920(a)(4)(v). *See Hancock*, 667 F.3d at 472–73. If the claimant can

perform other work that exists in significant numbers in the national economy, he is not disabled.

If the claimant cannot perform other work, he is disabled.

## ALJ DETERMINATION

The ALJ performed the sequential evaluation and found at step one that Plaintiff had not

engaged in substantial gainful activity since the alleged onset date of October 1, 2017. ECF No.

15 at 18. At step two, the ALJ found that Plaintiff had severe impairments of chronic pain

syndrome, obesity, major depressive disorder, Generalized Anxiety Disorder, and intellectual

disability. *Id.* At step three, the ALJ determined that Plaintiff did not have an impairment or

combination of impairments that met or medically equaled the severity of one of the listed

impairments in 20 C.F.R. pt. 404, Subpt. P, App. 1. *Id.* at 20. The ALJ then determined that

Plaintiff had the RFC:

> [T]o perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c)
> except he has understanding and memory for simple, low-level, but detailed tasks.
> He can sustain concentration, persistence and pace for at least 2-hour periods at a
> time to complete a normal workday or workweek. He can have occasional
> interactions with supervisors, coworkers, and the public. He is limited to low-stress
> work environment (few changes to work processes and procedures).

*Id.* at 23. Finally, at step four, the ALJ found that Plaintiff was capable of performing past relevant

work as a Commercial or Institutional Cleaner, but as performed at light. *Id.* at 26. Thus, the ALJ

concluded that Plaintiff "has not been under a disability, as defined in [the Act]." *Id.*

## DISCUSSION

Plaintiff raises many arguments on appeal. In essence, Plaintiff argues: (1) that the ALJ

erred in concluding that he could return to past work as a commercial or institutional cleaner and

6

failed to provide a function-by-function analysis of his physical abilities in his RFC; (2) that the

ALJ "failed to explain" why Plaintiff did not meet or equal Listings 12.04, 12.05B, or 12.02; and

(3) that the ALJ's RFC failed to account for his step three limitations in the paragraph B broad

areas of functioning. ECF No. 18-1 at 11–23.

I first address Plaintiff's argument that the ALJ failed to provide a function-by-function

analysis in his RFC. *Id.* at 13. I find this argument compelling. In determining RFC specifically,

an ALJ must consider the entire record, including opinion evidence, impairments that are not

severe, and any limitations the ALJ finds. 20 C.F.R. § 404.1545(a) (ordering the ALJ to consider

the entire record); SSR 96-8p, 1996 WL 374184, at *1 (defining the RFC as an assessment of an

individual's ability to perform vocational-related physical and mental activities). "The duty to

resolve     conflicts     in     the     evidence     rests     with     the     ALJ,     not     with

a reviewing court." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996).

Social Security Ruling ("SSR") 96-8p provides the proper framework for evaluating

Plaintiff's RFC. Specifically, the Ruling states:

> The RFC assessment must include a narrative discussion describing how the
> evidence supports each conclusion, citing specific medical facts (e.g., laboratory
> findings) and nonmedical evidence (e.g., daily activities, observations). In
> assessing RFC, the adjudicator must discuss the individual's ability to perform
> sustained work activities in an ordinary work setting on a regular and continuing
> basis (i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule), and
> describe the maximum amount of each work-related activity the individual can
> perform based on the evidence available in the case record. The adjudicator must
> also explain how any material inconsistencies or ambiguities in the evidence in the
> case record were considered and resolved.

SSR 96-8p, 1996 WL 374184, at *7 (footnote omitted). The ALJ must "build an accurate and

logical bridge" between the record evidence and the ALJ's RFC finding. *Monroe v. Colvin*, 826

F.3d 176, 189 (4th Cir. 2016) (quoting *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000)). While

there is no per se rule that remand is required when an ALJ fails to perform "an explicit function-

by-function analysis," remand is nonetheless appropriate "where an ALJ fails to assess [Plaintiff's] capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." *Mascio*, 780 F.3d at 636 (citations omitted). *See Schlossnagle v. Colvin*, No. TMD 15-935, 2016 WL 4077672, at *7 (D.Md. Aug. 1, 2016) (explaining the same). "If the reviewing court has no way of evaluating the basis for the ALJ's decision, then the proper course, except in rare circumstances, is to remand to the [SSA] for additional investigation or explanation." *Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013) (citations omitted).

At issue here, the ALJ concluded that Plaintiff had the RFC to perform medium work. Medium work, as defined in 20 C.F.R. §§ 404.1567(c) and 416.967(c), "lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." In contrast, light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. §§ 404.1567(b), 416.967(b).

Plaintiff was asked repeatedly at the hearing about his ability to lift objects, with Plaintiff stating he could not lift more than 10 pounds. ECF No. 15 at 46–47, 69–70, 74–76. However, the ALJ simply failed to provide any context for finding Plaintiff was capable of medium work, and it is unclear to the Court what evidence the ALJ relied upon to reach that conclusion. The ALJ's decision identified that Plaintiff testified that he could not lift more than 10 pound. But she simply concluded that Plaintiff's statements "concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence." *Id.* at 24. The ALJ explained further that she found the State agency opinions partially persuasive, and those opinions stated that Plaintiff was limited to medium work. *Id.* at 25. However, she did not specify if she found the medium work opinion persuasive. The ALJ also concluded that the opinion of Dr. Arturo

8

Pidlaon, including that Plaintiff was unable to lift or carry heavy objects, was not persuasive; however, she again failed to identify evidence in the record to support her finding beyond that the whole opinion was "inconsistent with objective testing and the medical evidence of record." *Id.* The Court's review of the record is further complicated by the ALJ's step four determination that Plaintiff was capable of past relevant work, *"performed at light."* ECF No. 15 at 26 (emphasis added).

The ALJ's brief review of the medical evidence noted normal ambulation, gait, spine, and peripheral pulses, no pedal edema, joint tenderness, deformity, or swelling, Plaintiff's ability to get up and out of a chair and on the examination table, and the fact that Plaintiff did not need an assistive device for movement. *Id.* at 25. It is not clear to the Court if this evidence supports the ALJ's conclusion that Plaintiff could lift up to 50 pounds and frequently lift and carry up to 25 pounds, despite Plaintiff saying he could not, because she makes no bridge between the evidence and her conclusion. *See Monroe*, 826 F.3d at 189. The ALJ was certainly not obligated to find that such a limitation was warranted based on the evidence, but she was required to explain how the material inconsistency in the evidence was considered and resolved. *See* SSR 96-8p, 1996 WL 374184, at *7.

Simply put, the Court has no basis on which to determine whether the ALJ's decision that Plaintiff was capable of medium work was supported by substantial evidence. Accordingly, remand is warranted for the ALJ to address the inconsistencies in the evidence. Because I remand on this ground, I do not consider Plaintiff's additional arguments. On remand, the ALJ may consider these arguments and make any required adjustments to the opinion. *See Tanner v. Comm'r of Soc. Sec.*, 602 F.App'x 95, 98 n.* (4th Cir. 2015) (per curiam) (citing HALLEX I-2-8-

18 (May 26, 2017)) (explaining that, when the Court remands, the Appeals Council vacates the entire prior decision and the ALJ considers all pertinent issues *de novo*).

## CONCLUSION

The Court thus concludes that the ALJ failed to provide substantial evidence to support the finding that Plaintiff was "not disabled" within the meaning of the Act. Therefore, based on the foregoing and pursuant to 42 U.S.C. § 405(g), Plaintiff's Motion for Summary Judgment (ECF No. 18) and Defendant's Motion for Summary Judgment (ECF No. 19) are DENIED. The decision of the SSA is REVERSED due to inadequate analysis. This case is REMANDED for further proceedings in accordance with this opinion.

Date: _15 December 2021_

_____
A. David Copperthite
United States Magistrate Judge